CHARLES A. HOMER and Others v. CITY OF DULUTH.[1]

December 8, 1897.

Nos. 10,821—(200).

**Eminent Domain—Street—Appeal from Award—Question for Jury.**
   *Held*, that the court below ruled correctly when it denied a motion, made upon the joint trial of two appeals from an award or assessment of damages made by commissioners in proceedings to condemn certain real property for public streets, to instruct the jury to return a verdict in favor of the appellant city.

The city of Duluth instituted proceedings under the provisions of Sp. Laws 1887, c. 2, subc. 6, to condemn land needed for the extension of certain streets in that city to the site of a proposed reservoir. The commissioners having awarded small damages to the respondents in this court, they severally appealed from the awards to the district court for St. Louis county. At the close of the testimony the city requested that a verdict be directed in its favor. The motion was denied and an exception taken. The jury awarded $250 in one case and $188 in another. The several appeals were tried together. From an order, Moer, J., denying a new trial and also a motion for judgment in favor of the city notwithstanding the verdicts, the city of Duluth appealed. Affirmed.

*J. B. Richards*, for appellant.

*Ayers, Morris & Greene*, for respondents.

COLLINS, J.

The city of Duluth instituted condemnation proceedings, under the provisions of chapter 6 of its charter, for the purpose of extending two of its public streets,—one through a 40-acre tract of land (less what had been previously acquired by the city for a pump house, about one acre, and as a part of a reservoir site, about two

[1] Reported in 73 N. W. 176.

acres) belonging to the estate of one Howell, deceased, and the other through an adjoining 40-acre tract (less the balance of the reservoir site, about three acres), belonging to the respondents, Homer and others. These two tracts acquired by the city did not adjoin, there being a strip of land 300 feet long and 66 feet wide between them. The proposed extensions covered and included this strip, and of course the land abutting thereupon belonged exclusively to the city. The commissioners appointed under the charter provisions awarded nominal damages to each of the owners; taking into consideration, according to their report, as they were authorized to do by the fourth subdivision of section 1, of said chapter 6, the value of the property proposed to be taken or injuriously affected, with such other damages as might be incident thereto, and also the advantages which might accrue to the property, or any part thereof, by reason of the taking. From the award the landowners appealed, under the twelfth subdivision of said section 1. For the purposes of trial the two appeals were consolidated and tried together, the result being that the damages were substantially increased as to each tract.

There was introduced in evidence upon the trial a plat of the tracts of land through which the streets were proposed to be laid, showing the location of the streets and also the location and boundaries of the tracts theretofore acquired for pump-house and reservoir purposes. The report of the commissioners was also in evidence, and there was more or less oral evidence in regard to the amount of damages. At the close of the testimony counsel for the city moved for a verdict in its favor, upon the ground that under the charter the commissioners' report was prima facie evidence of the facts therein stated, that the award or assessment of damages and benefits was regular and just, and that there was no testimony before the jury tending to show that the two tracts of land were not benefited to the extent of the damages. This motion was denied and the merits of the present appeal entirely rest upon the exception taken at that time.

The court below ruled correctly. The benefits or advantages which could be taken into consideration and allowed when estimating the damages were those which were special to the tracts of land

through which it was proposed to extend the streets,—such benefits or advantages as resulted directly and peculiarly to the particular tracts, parts of which were being taken, and not such as were common to lands in the vicinity. When the motion was made the fact was in evidence, through the plat and otherwise, that for 300 feet along one of these streets the city itself owned all of the abutting property, and there was also oral evidence as to whether benefits or advantages would accrue. Whether or not these tracts were benefited or advantaged by the proposed street extensions, and to what extent, was for the jurors to pass upon on all of the evidence; and if counsel wanted them to be specially instructed as to the proper method of ascertaining the real damages, in view of this evidence, the court should have been requested so to instruct. No request was made, and no exception was taken to any part of the charge.

Order affirmed.